Jamie Edwards Quadra (SBN 228956)
EDWARDS QUADRA, PC
1911 Douglas Blvd., Ste 85-PMB 350
Roseville, CA 95661
Telephone:  (916) 365-9972
Facsimile:  (916) 313-3570

Attorney for Plaintiffs,
ERIK SUNDQUIST and RENEE SUNDQUIST

FILED
SEP 23 2014
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

14-02278

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK SUNDQUIST, an individual; and RENE SUNDQUIST, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>RECONTRUST COMPANY, N.A.;<br>BANK OF AMERICA, N.A.;<br>BAC HOME LOANS SERVICING, LP; and DOES 1 through 100, inclusive,<br><br>Defendants | Case No.:<br>Honorable Judge:<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES RELATED TO THE WILLFUL VIOLATION OF THE AUTOMATIC STAY IMPOSED BY 11 USC § 362** |

Plaintiffs, and each of them, hereby demand a jury trial and allege as follows:

**PRELIMINARY STATEMENT**

1.  Plaintiffs, ERIK and RENEE SUNDQUIST, filed bankruptcy on June 14, 2010. On the same day and prior to foreclosure sale, Dennise Henderson (Plaintiffs' bankruptcy attorney of record) gave notice to Defendants of the bankruptcy filing. Despite receiving notice, on June 14, 2010, Defendants willfully violated the automatic stay that arises upon filing bankruptcy, an injunction of the Eastern District Federal Court, by foreclosing on the Subject Property. Because of the willful violation of the automatic stay, Plaintiffs lost the most basic protections of the bankruptcy court and suffered actual damages and severe emotional distress. Later, after several subsequent notices of the pending bankruptcy, Defendant(s) continued to violate the stay by pursuing eviction by the filing of a

complaint in Unlawful Detainer. Plaintiffs suffered actual damage when they were evicted, the property was left vacant and unattended for months, the grass died, home owners association fines were assessed: Plaintiffs were then reinstated as the owners of the property subject to these fines totaling in excess of $20,000 for a period of time in which they technically did not own the property. In total, Plaintiffs have suffered damages totaling in excess of $75,000 and subject to proof at trial.

## PARTIES

**Plaintiffs**

2.  Plaintiffs ERIK and RENEE SUNDQUIST are, and at all times herein relevant were a married couple residing in Lincoln, California, County of Placer.

3.  Plaintiffs bring this action against Defendants for damages resulting from multiple violations of the bankruptcy stay by the Defendants' acts or omissions as set forth herein concerning and surrounding the residential mortgage loan transaction, Note and Deed of Trust ("Subject Loan") for Plaintiffs' residence, which is located at 1321 Feliz Way, Lincoln, CA 95648 ("Subject Property").

4.  Defendants wrongful acts subject to this complaint began on or about June 25, 2010 with the foreclosure of Plaintiffs' home and continually thereafter.

5.  Defendant RECONTRUST COMPANY, N.A. ("RECONSTRUST") is doing business in Placer County, California and is the entity that issued the Notice of Default on the Subject Loan as "Agent for the Beneficiary." Thereafter, RECONTRUST issued the Notice of Trustee's Sale. On or around June 25, 2010, after receiving notice RECONTRUST foreclosed on the subject property in willful violation of the automatic stay that arose with Plaintiffs' bankruptcy filing.

6.  On information and belief, RECONTRUST is a wholly owned subsidiary of Bank of America, N.A., a national bank with its principal place of business in San Francisco, California.

7. Defendant Bank of America, N.A. ("BANA") was, and is now, a New York Corporation and is the purported successor and/or purported present beneficiary. On information and belief, BANA was engaged in the business of promoting, marketing, and/or selling ARM loans such as the Subject Loan in, and transacted business in, the County of Placer.

8. Defendant BAC HOME LOANS SERVICING, LP ("BAC") is an entity doing business in Placer County California and is the servicer of the Subject Loan. On information and belief, BAC is a wholly owned subsidiary of BANA.

9. Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives while acting within the actual and ostensible scope of his/her authority.

10. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES 1 through 50 are unkown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will amend this Complaint to show their true names, involvement and capacities when the same has been ascertained. Plaintiffs are informed and believe, and on that basis allege that each of the Defendants named herein as DOE was in some manner responsible for the harm and losses suffered by Plaintiff and/or will be responsible for future harm and losses to Plaintiffs.

11. GATEWAY BUSINESS BANK DBA MISSION HILLS MORTGAGE BANKERS ("MISSION HILLS") was the named original lender and beneficiary of the Subject Loan under the Deed of Trust.

12. Plaintiffs are informed and believe, and thereon allege, that at all times herein relevant BANA was the purported subsequent successor and assignor of the Subject Loan and is liable for all acts of MISSION HILLS based on successor liability law and

particularly because it assumed all liability of the original lender by the terms of which it succeeded to the Subject Loan.

## JURISDICTION AND VENUE

**Jurisdiction**

13. Federal courts have *exclusive* jurisdiction to determine the scope and application of the automatic stay. *In re Gruntz* 202 F3d 1074, 1081-87 (9th Cir 2000). Federal Courts have final authority over "core bankruptcy proceedings. *In re Dunbar*, 245 F3d 1058, 1063 (9th Cir 2001).

14. Plaintiffs are, and at all times herein relevant were, individuals residing in Lincoln, CA, County of Placer.

15. The Subject Property is located at 1321 Feliz Way, Lincoln, CA 95648.

16. Defendants, and each of them, at all times herein relevant, regularly engaged, and engage, in business in the State of California, County of Placer, and regularly provided, and provide, mortgage loans and related services. The majority of the transactions and events that are the subject matter of this Complaint occurred within the County of Placer, State of California.

## GENERAL FACTS

17. Paragraphs 1 through 16 and the paragraphs following this cause of action are incorporated by reference as though fully set forth herein.

18. On September 19, 2008, a Deed of Trust ("DOT") securing the Note was recorded related to the Subject Property. The original lender was MISSION HILLS, the original Beneficiary was Mortgage Electronic Registration Systems, Inc. ("MERS") and the original Trustee was Hartford Escrow, Inc. (**Exhibit A**).

19. On July 21, 2009, a Notice of Default ("NOD") was recorded by Betty Jo Livingston of Recontrust Company, N.A., as agent for the Beneficiary by LandSafe Title Corporation, as its Attorney in Fact. (**Exhibit B**).

20. On October 28, 2009, a Substitution of Trustee was recorded by Regina Myles, Assistant Secretary for MERS. It substituted RECONTRUST as the new trustee. (**Exhibit C**).

21. On October 28, 2009, a Notice of Trustee's Sale ("NOTS") was recorded by K Warner, Team Member for RECONSTRUST. It set the trustee's sale date as November 12, 2009. (**Exhibit D**).

22. On June 15, 2010, Plaintiffs filed Chapter 13 Bankruptcy in the Federal Bankruptcy Court for the Eastern District of California. Plaintiffs had no prior bankruptcy filings and received a full automatic stay according to 11 U.S.C. § 362.

23. Plaintiffs notified all Defendants of the bankruptcy filing and automatic stay by and through their bankruptcy counsel of record, Dennise S. Henderson.

24. Plaintiffs made the Chapter 13 plan payments according to applicable bankruptcy code to the Chapter 13 standing trustee.

25. But, on June 25, 2010, despite notice of the bankruptcy filing as provided by Plaintiffs' bankruptcy counsel, Plaintiffs' home was sold in violation of the automatic stay.

26. On June 25, 2010, a Corporation Assignment Deed of Trust was recorded by Angelica Del Toro, Assistant Secretary for MERS. It transferred all beneficial interest to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP. (**Exhibit E**).

27. On June 25, 2010, a Trustee's Deed Upon Sale ("TDUS") was recorded by Angelica Del Toro, Assistant Secretary for RECONTRUST. RECONTRUST granted the real property to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP. (**Exhibit F**).

28. On July 1, 2010, Defendant BAC filed a Request for Special Notice (**Exhibit G**) with the Eastern District Bankruptcy Court, indicating that by this date they actually knew of the bankruptcy filing. No requests for relief from stay were filed by any Defendant.

29. On July 8, 2010, Plaintiffs received a 3-day Notice to Quit. (**Exhibit H**).

30. On July 23, 2010, BAC filed a complaint for unlawful detainer against Plaintiffs in Superior Court of the State of California, County of Placer.

31. On August 31, 2010, an Assignment of Deed of Trust was recorded by Nichole Clavadetscher, Certifying Officer for MERS as Nominee for Mission Hills Mortgage. It assigned the DOT to BAC. (**Exhibit I**).

32. Plaintiffs repeatedly called BANA and BAC to ask why their house was sold while the bankruptcy stay was pending and representatives for Defendants verbally admitted that they sold the house in error.

33. Plaintiffs, fearing eviction by the sheriff at any time, and being concerned with the effect a mid-semester school transfer may have on their children, moved out of the Subject Property in September 2010. Plaintiffs moved into a rental home.

34. Plaintiffs spent a significant amount of money on their new rental home, including moving costs, new carpet, cleaning/landscaping, painting and hauling.

35. After Plaintiffs moved out, the locks were changed on the Subject Property and no trespassing signs were posted on the windows.

36. The Subject Property was left unattended by the alleged "owners." The yard died because the sprinklers were not operating. Significant Home Owners Association ("HOA") fines accrued on the property and went unpaid by the new "owners."

*37.* On December 23, 2010, the Eastern District Bankruptcy Court issued the Order Closing the Chapter 13 Bankruptcy filed by Plaintiffs. *No Defendants filed any motions requesting relief from stay.*

38. On December 30, 2010, a Notice of Rescission of Trustee's Deed Upon Sale pursuant to Civil Code § 1058.5 was recorded by Flor Valerio, Assistant Secretary for BAC, and by Christina Balandran, Assistant Secretary for RECONTRUST. It rescinded the Trustee's Sale and purported TDUS and returned the priority and existence of all title and status-quo-ante as existed prior to the trustee's sale. (**Exhibit J**).

39. Although title was restored in Plaintiffs' names, Plaintiffs could not access the Subject Property because the locks had been changed. Furthermore, Plaintiffs children

were now attending school in another school district and Plaintiffs were locked into a residential lease at the new rental property. Plaintiffs could not pay for both homes simultaneously and uproot their children mid-semester. Plaintiff was obligated in a valid residential lease with payments at or about $4000.00 per month for a period of twelve months commencing in September 2009.

40. Plaintiff RENEE SUNDQUIST has incurred significant medical expenses correlated with the stress of foreclosure since October 2009.

## FIRST CAUSE OF ACTION

### Willful Violation of the Automatic Stay Imposed by 11 USC § 362 by Foreclosure on the Subject Property

41. Paragraphs 1 through 40 and the paragraphs following this cause of action are incorporated by reference as though fully set forth herein.

42. Plaintiffs filed for Chapter 13 bankruptcy relief on June 15, 2010 and duly gave notice of the bankruptcy filing and stay to Defendants by and through their bankruptcy counsel of record.

43. On or around June 25, 2010, despite proper notice to Defendants and despite a valid § 362 automatic stay, Defendants sold Plaintiffs primary residence and caused to be issued a Trustee's Deed Upon Sale transferring title to Defendant BAC.

44. Plaintiff RENEE SUNDQUIST has suffered severe emotional distress and has medical expenses related to the wrongful foreclosure and eviction in violation of the § 362 stay.

45. Plaintiffs have actual damages including but not limited to significant Home Owners Association ("HOA") fines, costs of moving, damage to the residence, changing the locks, and other related costs. The total of these costs is in excess of $25,000.

46. Plaintiffs further demand attorney fees related to the violation of the automatic stay and punitive damages.

47. The Court in *In re Davis*, stated:

> "We concur with the authorities holding that dismissal of the underlying bankruptcy case does not render moot an action for damages based on willful violation of the automatic stay. Willful violation of the automatic stay is an intentional tort for which compensatory and punitive damages may be awarded. 11 U.S.C. § 362(h). Imposition of damages for willful violation of the automatic stay serves an important purpose even after the underlying bankruptcy case has been dismissed; it provides compensation for and punishment of intentionally wrongful conduct. See *In re Carroll*, 903 F2d 1266 (9th Cir. 1990) (action for damages for violation of stay not moot even if action for injunctive relief is moot). Stated differently, intentionally wrongful conduct should not be excused merely because the underlying bankruptcy case has been dismissed. Thus, we conclude that 'a legally cognizable interest in the outcome of the [adversary proceeding] survives the bankruptcy.' *In re Universal Farming Industries*, 873 F2d 1334, 1336 (9th Cir. 1989).

*Davis v. Courtington (In re Davis)*, 177 B.R. 907, 911-12 (1995).

48. Accordingly Plaintiff's action for damages survives the dismissal of the Bankruptcy. Plaintiff's incurred direct damages as a proximate cause of BANA and RECONTRUST's actions herein detailed which deprived them of the quiet enjoyment of their home for at least six months. Plaintiffs are also entitled to punitive damages, as the violation of stay was obvious, intentional, and notorious.

### SECOND CAUSE OF ACTION

**Willful Violation of the Automatic Stay Imposed by 11 USC § 362 by filing Unlawful Detainer Complaint**

49. Paragraphs 1 through 48 and the paragraphs following this cause of action are incorporated by reference as though fully set forth herein.

50. Defendants BAC actually knew about the bankruptcy prior to July 1, 2010 as evidenced by the filing of a Request for Special Notice with the Eastern District Bankruptcy Court on July 1, 2010.

51. Thereafter, on or about July 8, 2010, Defendants caused to be served on Plaintiffs a Notice to Quit the Subject Property.

52. On or around July 23, 2010, Defendant BAC caused to be filed a Complaint in Unlawful Detainer against Plaintiffs, further violating the automatic stay.

53. Although Plaintiffs called BANA and BAC multiple times about the bankruptcy filing and the continued actions against them, Defendants continued to evict Plaintiffs from the property in violation of the § 362 automatic stay.

54. Defendants acted with notice and actual knowledge of the bankruptcy filing. Defendants acted willfully and in blatant disregard for the Eastern District Federal Court.

55. Plaintiffs were actually damaged. Plaintiff Renee Sundquist suffered physical symptoms related to the emotional distress from the foreclosure and eviction.

56. Plaintiffs further suffered damage to the property while it sat empty. The locks were changed. The lawn died. HOA fines accrued.

57. Plaintiffs incurred moving expenses.

58. Plaintiffs have incurred significant attorney's fees related to the violation of the § 362 stay.

59. Plaintiffs are entitled to punitive damages related to Defendants' willfull and continual violations of the § 362 automatic stay.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

1. That judgment is entered in Plaintiffs' favor and against Defendants, and each of them;

2. For damages, disgorgement, and injunctive relief;

3. For compensatory and statutory damages, attorneys' fees, and costs according to proof at trial;

4. For punitive damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct;

5. On all causes of action, for costs of suit herein;

6. On all causes of action, for pre- and post-judgment interest;

7. On all causes of action for which attorneys' fees may be awarded pursuant to the governing contract, by statute or otherwise, reasonable attorneys fees; and

8. On all causes of action, for such other and further relief as this Court may deem just and proper so that Plaintiffs shall recover restitution or compensatory damages.

**PLAINTIFFS HEREIN DEMAND A JURY TRIAL.**

Respectfully submitted by,
Edwards Quadra, PC

Dated: May 9, 2014

/s/Jamie Edwards Quadra
Jamie Edwards Quadra, Esq.
Attorneys for Plaintiffs
jamie@edwardsquadra.com