James I. Stang (CA BAR NO. 94435)
Kenneth H. Brown (CA BAR NO. 100396)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.,13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com

Estela Pino (CA SBN 112975)
PINO & ASSOCIATES
800 Howe Avenue, Suite 420
Sacramento, CA 95825
Telephone: 916/641-2288
Facsimile: 916/641-1888
Email: epino@epinolaw.com

Attorneys for ERIK J. SUNDQUIST, an individual, RENEE SUNDQUIST, an individual

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ERIK J. SUNDQUIST and RENEE SUNDQUIST,<br><br>　　　　　Debtors.<br><br>———<br>ERIK J. SUNDQUIST, an individual; and RENEE SUNDQUIST, an individual,<br><br>　　　　　Plaintiffs,<br><br>　- vs -<br><br>RECONTRUST COMPANY, N.A.; BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, LP; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No. 10-35624<br><br>Chapter 13<br>Adversary No. 14-02278<br>DCN: PSZ-2<br><br>**ERIK AND RENEE SUNDQUISTS' COUNTER-MOTION TO BANK OF AMERICA N.A'S MOTION UNDER FED. R. BANKR. P 7052 AND 9023**<br><br>Date:　June 27, 2017<br>Time:　2:00 P.M.<br>Place:　Dept. C<br>Judge: Honorable Christopher M. Klein |

DOCS_NY:36019.3 82202/001

Plaintiffs Erik and Renee Sundquist (the *"Sundquists"*) hereby counter-move to the motion of Bank of America N.A. under Fed. R. Bankr. P. 7052 and 9023 to Make Amended Findings and Amend the Judgment [Dkt. No. 275] (*"Bank Motion"*) for related alternative relief under Rule 9014(i) of the Local Rules of the United States Bankruptcy Court for the Eastern District of California (the *"Local Rules"*) and Rule 9023 of the Federal Rules of Bankruptcy Procedure ("*FRBP"*) which makes Rule 59 of the Federal Rules of Civil Procedure (*"FRCP"*) applicable in this case and this adversary proceeding. Both the Bank and the Sundquists are requesting that the Court grant relief under Federal Rule 59.

## I.

## SUMMARY OF RELIEF REQUESTED

Bank of America N.A. for itself and as successor by merger to BAC Home Loans Servicing, L.P. and ReconTrust Company, N.A, (the *"Bank"*) by the Bank Motion seeks relief from this Court pursuant to both FRCP 52 and FRCP 59 (which are applicable to this proceeding under FRBP 7052 and 9023, respectively). As set forth in the Sundquists' Response to the Bank Motion (the "*Response*"), filed contemporaneously herewith, this Court's findings of fact and judgment are supported by the existing record and applicable law, and the Sundquists contend that the Bank is not entitled to the relief sought. However, the best way for the Court to address the issues raised by the Bank Motion is to reopen the record and take additional testimony and evidence, as expressly authorized under FRCP 59(a)(2), or grant a new trial under FRCP 59(a)(1)(B). Accordingly, the Sundquists seek this relief by this counter-motion.

## II.

## PROCEDURAL BACKGROUND

On March 23, 2017, the Court issued its Opinion. The Bank timely filed the Bank Motion under Federal Rules of Bankruptcy Procedure 52 and 59 on April 6, 2017. At a status conference on May 2, 2017, the Court suggested that it would be appropriate for the Sundquists to file a counter-motion to re-open the record.

# III.

# ARGUMENT

**A. Granting the Sundquists' Counter-Motion Pursuant to FRCP 59 is the Most Just and Least Prejudicial Way for the Court to Address the Issues Raised by the Bank Motion.**

The Bank Motion seeks relief under FRBP 7052 and 9023, which incorporates FRCP 52 and 59, respectively. *See, e.g.,* Bank Motion at p. 1:13. FRCP 52 permits a party to move the court "to amend its findings—or make additional findings—and [the court] may amend the judgment accordingly." Fed. R. Civ. P. 52(b). ***However, the Bank seeks relief under FRCP 59 as well.*** As acknowledged by the Bank, FRCP 52 contemplates that a "motion [under FRCP 52] may accompany a motion for a new trial under [Federal] Rule 59." Fed. R. Civ. P. 52(b); *see also* Bank Motion at p.4:1-4. FRCP 59 provides guidance respecting the grant of a new trial, stating that "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). FRCP 59(a)(1)(B) provides that "on motion, the court may grant a new trial on all or some or the issues--and to any party--after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."

There is no requirement that relief be sought under both FRCP 52 and 59, and FRCP 52 alone is sufficient authority if all that a party seeks are amended findings and an amended judgment. This is precisely what Federal Rule 52 contemplates; if a party wishes to move for relief (*i.e.* a new trial) under Federal Rule 59 concurrent with a motion for relief under Federal Rule 52, doing so is entirely permissible. Indeed, that a motion is only labeled as a "Motion to Amend the Findings" does not prevent a court from granting relief under Federal Rule 59. "If good grounds for a new trial are stated, that relief [under Federal Rule 59] should be granted even though technically the motion is mislabeled as one to amend the findings." Arthur R. Miller, 9C FED. PRAC. & PROC. CIV. §2582 (3d ed. 2017). Moreover, the only reason to move under FRCP 59 *as well as* FRCP 52 (as the Bank has done) is to enable the Court to provide the additional remedies available under FRCP 59 which include both a new trial or the reopening of the record to permit additional testimony.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

The grounds for relief relied on by the Bank – an allegedly excessive judgment and judicial error in admitting evidence – are well-established bases for relief under Federal Rule 59(a).[1] *See, e.g., Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989) (trial court did not abuse its discretion by granting new trial after the court determined that evidence was erroneously admitted at trial); *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 183 (5th Cir. 1995) (trial court may grant new trial on damages if an award is excessive and plaintiff declines remitted award).

The Sundquists believe that the Court's opinion and judgment are supported by the existing record. They also consent to the Court amending its findings of fact and conclusions of law or making new ones, based on such additional testimony and evidence, and entering a new judgment as authorized under FRCP 59(a)(2).

Upon a motion under FRCP 59 in a nonjury case, the trial court has wide discretion to grant relief, including the receipt of additional testimony and evidence. *See, e.g., Browning-Ferris Indus. Of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278 (1989) (motion under Federal Rule 59 is reviewed for abuse of discretion); *Johnson v. Hix Wrecker Svc., Inc.*, 528 Fed.Appx. 636, 639 (7th Cir. 2013) ("The decision to reopen a civil bench trial to submit additional proof rests in the sound discretion of the trial court."); *Bace v. Babitt* (*In re Bace*), No. 11-Civ.-6065, 2012 WL 2567153, at *12 (S.D.N.Y. May 10, 2012) (applicable standard of review for a motion under Bankruptcy Rule 9023 is abuse of discretion) (citing cases); *see also* Arthur R. Miller, 11 FED. PRAC. & PROC. CIV. § 2804 (3d ed. 2017) ("On a motion for new trial in a nonjury case, the trial court has discretion to . . . take additional testimony."). Both the Bank and the Sundquists are requesting that the Court grant relief under Federal Rule 59.

The most just and least prejudicial manner for the Court to address the issues raised by the Bank motion is to allow additional testimony and evidence under FRCP 59(a)(2), subject to a full

---

[1] The Sundquists do not concede that any arguments made by the Bank in the Bank Motion are meritorious. Concurrently with this Counter-Motion, the Sundquists have filed the Response.

and fair opportunity to cross-examine or simply grant a new trial under FRCP59(a)(1)(B). The Sundquists counter-move for such relief under FRCP 59 and pursuant to Local Rule 9014(i).[2]

The additional evidence the Sundquists will seek to admit if the counter-motion is granted may include the following:

• Renee Sundquist Declaration (an even more comprehensive and detailed version) will be admitted into evidence and/or she will testify to the entire the contents of the declaration, including, including Erik Sundquist's suicide attempt, her nightmarish cutting episodes (including photographs of the blood-stained correspondence from the Bank that often triggered the cutting);

• Evidence concerning Bank's multiple violations of the automatic stay, including the "casing" of the house to frighten and intimidate the Sundquists and their children;

• Evidence if the Bank's fraudulent, illegal and predatory conduct towards other home loan consumers-false promises of loan modifications, stay violations and failure to train employees;

• Evidence of emotional distress and physical damages, including expert testimony;.

• Evidence, including expert testimony, of lost wages past the date of trial and well into the future;

• Evidence of medical expenses, including bills, medical records and the testimony of treating physicians and caregivers;

• Evidence of the Bank's financial condition and profitability including SEC filings;

• Evidence of alternative housing expenses; and

• Evidence of the cost of replacing personal property that was looted when the Bank was in possession of the house.

**B. The Relief Sought Under FRCP 59 is Timely.**

The Sundquists anticipate that the Bank will contend that the relief sought by them under FRCP 59 is not timely because it was not sought within 14 days from the entry of the judgment; the Bank's counsel has already suggested as much to the Sundquists' counsel. The Bank is wrong.

The Bank filed a timely motion seeking relief under FRBP 7023/FRCP 59. The Bank Motion was filed within 14 days of the judgment and prevents the judgment from becoming final or appealable and results in the retention of jurisdiction by this Court over all matters pertaining to this

---

[2] Local Bankruptcy Rule 9014(i) provides that "[a]ny motion or countermotion related to the general subject matter of the original motion set for hearing pursuant to this Local Rule may be filed and served no later than the time opposition to the original motion is required to be filed."

adversary proceeding. The Bank Motion also opens the door for the Court to grant relief under FRBP 9023 and FRCP 59 to the extent authorized by those rules, including the relief sought by the Sundquists. A FRCP 59 motion has been timely made. The parties are now briefing the issue of the proper relief under that motion. This is clearly permissible and appropriate.[3]

Since the Bank has timely filed a motion for relief under FRBP 9023 and FRCP 59, there is no jurisdictional bar to the Sundquists requesting or the Court granting alternative relief under these rules.

## IV.

## CONCLUSION

The Sundquists respectfully request that the Court grant relief pursuant to the Sundquists cross motion: (i) under FRBP 9023 FRCP 59(a)(2) reopening the record to permit the additional testimony and evidence; or (ii) granting a new trial under FRCP 59(a)(1)(B).

Dated: June 6, 2017       PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ *James I. Stang*
James I. Stang
Kenneth H. Brown

Dated: June 6, 2017       PINO & ASSOCIATES

By: */s/ Estela Pino*
Estela Pino

Attorneys for ERIK J. SUNDQUIST, an individual, RENEE SUNDQUIST, an individual

---

[3] As the leading treatise on federal practice states: "Rule 59 does not specify a deadline for the filing of briefs in support of motions brought under the Rule. Accordingly, the court may approve a briefing schedule that allows the moving party to file a brief after the 28-day period for filing the motion itself…."*Moore's Federal Practice,* § 59.11; *Parojcic v. Bethlehem Steel Corp.,* 170 F.R.D. 14, 14–15 (N.D. Ind.1996) (court may permit filing of brief after 28-day period; briefs supporting motion for new trial and judgment as matter of law may be filed after expiration of time for making motion).

DOCS_NY:36019.3 82202/001       6