BRES

**FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

FILED
JUL 13 2017
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ERIK J. SUNDQUIST and<br>RENEE SUNDQUIST,<br><br>    Debtors.<br>_____<br>ERIK J. SUNDQUIST and<br>RENEE SUNDQUIST,<br><br>    Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.;<br>RECONTRUST COMPANY, N.A.; BAC<br>HOME LOANS SERVICING, LP,<br><br>    Defendants.<br>_____ | Case No.  10-35624-C-13<br><br>Docket Control No. RNH-1<br><br><br><br><br><br><br><br>Adversary No.  14-2278 |

**OPINION AND ORDER GRANTING MOTION TO INTERVENE**

**Before: Christopher M. Klein, Bankruptcy Judge**

_____

James I. Stang, Pachulski Stang Ziehl & Jones LLP, Los Angeles, California, and Estela O. Pino, Pino & Associates, Sacramento, California, for Plaintiffs.

Jonathan R. Doolittle, Reed Smith LLP, San Francisco, California, for all Defendants.

Roger N. Heller, Lieff Cabraser Heimann & Bernstein LLP, San Francisco, California, for Interested Parties National Consumer Law Center and National Consumer Bankruptcy Rights Center.

Rhonda Stewart Goldstein, Office of the General Counsel of The Regents of the University of California, Oakland, California, for Interested Parties University of California, Davis School of Law; Berkeley Law, University of California; University of California, Irvine School of Law; and University of California, Los Angeles School of Law.

Elise K. Traynum, Office of the General Counsel of University of California, Hastings, San Francisco, California, for Interested Party University of California, Hastings College of Law.

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

The question is whether to permit intervention in this adversary proceeding as either intervention "of right" or "permissive" intervention under Federal Rule of Civil Procedure 24, as incorporated by Federal Rule of Bankruptcy Procedure 7024.

The question of intervention arises in the wake of this court's judgment enjoining the plaintiffs to deliver to the intervenors a portion of the $45 million punitive damages awarded against Bank of America, N.A. Sundquist v. Bank of America, N.A. (In re Sundquist), 566 B.R. 563 (Bankr. E.D. Cal. 2017).

The pendency of a motion by Bank of America to alter or amend the findings has forestalled the time in which to appeal.

For the reasons set forth here, the motion to intervene will be GRANTED on adequate, independent theories of intervention "of right" under Rule 24(a)(2) and "permissive" intervention under Rule 24(c).

Procedural Background

A motion titled Interested Parties' Motion To Intervene seeking to intervene in this adversary proceeding was filed on May 9, 2017. Docket No. 332.

The Interested Parties are the National Consumer Law Center, the National Consumer Bankruptcy Rights Center, The Regents of the University of California (on behalf of: University of California, Davis School of Law; Berkeley Law, University of California; University of California, Irvine School of Law; and University of California, Los Angeles School of Law), and the University of California, Hastings College of Law.

All of the Interested Parties are intended third-party beneficiaries of this court's punitive damages judgment in favor of the plaintiffs, a provision of which judgment enjoined the plaintiffs to deliver to the Interested Parties the sum of $40 million, minus applicable taxes.

That judgment is not yet final because Bank of America timely filed a Motion to Amend Findings and Amend the Judgment pursuant to Federal Rule of Civil Procedure 52(b), as incorporated by Federal Rule of Bankruptcy Procedure 7052. Docket No. 275. That motion elicited a counter-motion from the Sundquists under Federal Rules of Civil Procedure 52 and 59 (as incorporated by Federal Rule of Bankruptcy Procedure 9023) seeking to reopen the evidentiary phase of the trial to permit the plaintiffs to present a better evidentiary record than that which was made by now-former counsel, potentially warranting increased compensatory and punitive damages, and amend the judgment accordingly. Docket No. 347.

The procedural consequence of Bank of America's timely motion is to suspend the time for appeal until 14 days after entry of the order disposing of the last such motion. Fed. R. Bankr. P. 8002(b)(1). Argument on those motions has not yet occurred.

Until those motions are decided, this court continues to have jurisdiction over the entire dispute.

The Interested Parties do not seek relief different from, or greater than, the relief sought by the Sundquists.

They gave notice on May 9, 2017, consistent with Local Bankruptcy Rule 9014, to all other parties in this adversary

proceeding that written responses or oppositions were required to be filed by May 23, 2017. Docket No. 333.

The Motion and the Notice of Motion were served by electronic means on May 9, 2017, on all parties to this adversary proceeding and to counsel for the plaintiffs' former counsel (who has filed a notice of appeal on account of this court's cancellation of her contingent fee agreement). Docket No. 334.

Defendant Bank of America, N.A., filed an opposition to the motion to intervene. Docket No. 354. No other opposition was filed.

The movants filed a reply to Bank of America's opposition. Docket No. 363.

The Motion to Intervene is ripe for decision. No facts are controverted that would warrant the taking of evidence pertinent to intervention. Oral argument is not needed as the briefs adequately address the intervention issues.

### Analysis

The salient fact is that this court's judgment in favor of plaintiffs for $45 million in punitive damages includes an injunction that enjoins the plaintiffs to deliver to the Interested Parties the post-tax residue of $40 million.

### I

Regardless of whether the Interested Parties had standing to participate in the initial liability and damages phase of the underlying litigation, the Interested Parties acquired standing concurrent with entry of the injunction that made them third-

party beneficiaries of the punitive damages award. They do not seek relief different from, or greater than, that which has already been awarded.

If the punitive damages award is later reduced or disapproved, then they will be adversely and pecuniarily affected within the meaning of conventional understandings of standing.

The decision of the U.S. Supreme Court in Town of Chester, New York v. Laroe Estates, Inc., 137 S.Ct. 1645 (2017), invoked by Bank of America in its opposition, does not compel a contrary conclusion. The Supreme Court held that every item of relief sought in a litigation must be backed by a party with Article III standing and that "an intervenor of right must have Article III standing to pursue [any] relief that is different from that which is sought by a party with [Article III] standing." Id. at 1651. As the record in that case was ambiguous (the intervenor having talked out of both sides of its mouth) as to whether the putative intervenor of right was seeking any different relief, the Court remanded in order to permit a determination on that point to be made. Id. at 1651-52.

This court, in its opinion issued in conjunction with the judgment, definitively ruled that the Interested Parties have standing to participate in all post-trial proceedings and appeals. The premise and context of that ruling is that the interested parties would be able to defend the judgment in post-trial proceedings and on appeal but would not be seeking independent relief. That ruling established as law of the case that the Interested Parties have standing to participate in post-trial proceedings and appeals.

## II

Since Federal Rule of Civil Procedure 24 is incorporated by Federal Rule of Bankruptcy Procedure 7024 without modification, the analysis of intervention in an adversary proceeding in a bankruptcy case is no different than the analysis of intervention in an ordinary federal civil action. Bustos v. Molasky, 843 F.3d 1179, 1184 n.4 (9th Cir. 2016).

### A

The controlling analysis of intervention "of right" under Rule 24(a) involves a four-part test that contemplates construction of practical and equitable considerations in a manner sympathetic to proposed intervenors: the motion must be timely; the intervenor must have a significantly protectable interest; disposition of the action could, as a practical matter, impair the intervenor's ability to protect that interest; and the intervenor's interest must be inadequately represented by other parties in the action. Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011).

#### 1

The Wilderness Society test is satisfied here.

The Motion is timely. The Interested Parties obtained no interest and had no idea that the post-tax residue of punitive damages might be channeled to them until this court sua sponte fashioned that measure in an effort to address what it perceived as an unresolved anomaly in the law of punitive damages. They appeared promptly, attended all status conferences, and have done

nothing that could be construed as dallying. Nor has the time in which to appeal expired.

The significantly protectable interest of the Interested Parties is beyond cavil. They expressly are intended third-party beneficiaries of this court's judgment enjoining the plaintiffs to deliver to them the post-tax residue of $40 million.

This court previously ruled that the Interested Parties have standing to participate in post-trial and appellate proceedings. Intervention is a logical corollary.

Similarly, an unfavorable disposition of this adversary proceeding and any appeal will as a practical matter impair the ability of the Interested Parties to realize the benefit conferred upon them by this court's judgment.

Finally, only the Interested Parties are in a position fully to protect their interests as intended third-party beneficiaries of this court's judgment. As their direct adversary, it is understandable that Bank of America would want to block intervention by what could be formidable opponents. The plaintiffs and their former counsel (who has appealed the cancellation of her contingent fee agreement pursuant to 11 U.S.C. § 329(b)) each have economic incentives to appropriate as much of the punitive damages award as possible to themselves or to bargain away punitive damages not directed to them.

2

The law of the case doctrine dooms the assertion by Bank of America that the Interested Parties lack a legally-protected interest.

- 7 -

a

Bank of America's position fallaciously assumes that Bank of America ultimately will prevail in its appellate position that this court erred when it fashioned a remedy that added an injunction directed at the plaintiffs in order to achieve a just punitive damages result that is analogous to the unexceptionable concept that sanctions should be sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. <u>Cf</u>. Fed. R. Bankr. P. 9011(c)(2); Fed. R. Civ. P. 11(c)(4).

This Bank of America argument presents the formal fallacy of "begging the question" (petitio principii) according to which the premises assume the conclusion that is to be demonstrated. <u>See</u> "Fallacy," ENCYCLOPEDIA BRITANNICA, http://academic.eb.com.[1] In order to believe Bank of America's assertion that the Interested Parties lack a legally-protected interest, one must already agree that an appellate court will conclude they lack a legally-protected interest.

To the extent that Bank of America's fallacious assertion constitutes an ersatz motion for some form of reconsideration, it is rejected.

---

[1] The <u>Brittanica</u> article on applied logic explains:

> The fallacy known as begging the question – in Latin petitio principi – originally meant answering the "big" or principal question that an entire inquiry is supposed to answer by means of answers to several "small" questions. It can be considered a violation of the strategic rules of an interrogative game. Later, however, begging the question came to mean circular reasoning, or curculus in probando.

"Applied Logic," ENCYCLOPEDIA BRITANNICA.

- 8 -

b

As explained in this court's opinion on the merits, an anomaly in the law of punitive damages has emerged in which awards of punitive damages fully-appropriate to capture the societal interest component inherent to punitive damages are disapproved as too high in the hands of a private plaintiff. It is anomalous because bad actors are thereby able to evade full financial responsibility for their conduct, the consequence of which is to create an economic incentive for more bad conduct.

The fate of this court's punitive damages award turns on what the appellate courts rule in the appeal that has not yet commenced because the time to appeal has been delayed by Bank of America's as yet unresolved Motion to Amend Findings and Judgment.

For the time being, the law of the case is that the Interested Parties are parties to this adversary proceeding.

This is an example of the trial-level version of the law of the case doctrine, according to which the parties are bound by the trial court's rulings even though that trial court has discretion to revisit its prior rulings.

The authorities are uniform that when there is not a mandate from an appellate court triggering the Mandate Rule, the trial court has the discretion to change its prior rulings so long as the trial court continues to have jurisdiction over the matter. E.g., <u>City of Los Angeles v. Santa Monica BayKeeper</u>, 254 F.3d 882, 888-89 (9th Cir. 2001); <u>Johnson v. Burken</u>, 930 F.2d 1202, 1207 (7th Cir. 1991); 18 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 134.21[1] (3d ed. 2016); 18B CHARLES ALAN WRIGHT, ARTHUR R.

MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4478.1 (2d ed. 2002).

As this court presently continues to exercise jurisdiction over this adversary proceeding, it elects to exercise its discretion to adhere to its prior ruling regarding the Interested Parties as establishing the law of the case to which it will adhere until it is persuaded otherwise or an appellate court rules otherwise. The Interested Parties have a legally-protected interest.

Hence, intervention of right pursuant to Rule 24(a) is appropriate.

B

If intervention of right is for any reason determined to be not available, this court nevertheless, and in the alternative, is persuaded as a matter of discretion seasoned with common sense that permissive intervention under Rule 24(b) is appropriate. This court's injunction makes the Interested Parties beneficiaries of most of the punitive damages judgment in a manner that affords them claims and defenses that share common questions of law and fact with the claims and defenses in this adversary proceeding.

The intervention will not unduly delay or prejudice the adjudication of the original parties' rights. To the contrary, this court is persuaded that the intervention will facilitate the ultimate resolution of this litigation.

\*\*\*

**IT IS ORDERED** that the Motion is GRANTED. The Interested Parties are entitled to intervene of right pursuant to Federal Rule of Civil Procedure 24(a). Even if they are not entitled to intervene of right, this court exercises its discretion to permit the requested intervention pursuant to Federal Rule of Civil Procedure 24(b).

DATE: July 13, 2017

_____
UNITED STATES BANKRUPTCY JUDGE

# INSTRUCTIONS TO CLERK OF COURT
## SERVICE LIST

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Dennise Henderson
1903 21st Street
Sacramento, California 95811

Orly Degani
12400 Wilshire Blvd #400
Los Angeles, CA 90025

Jonathan Doolittle
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, California 94105

James Stang
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd, #1300
Los Angeles, California 90067

Estela Pino
Pino & Associates
800 Howe Avenue, Suite 420
Sacramento, California 95825

Roger N Heller
275 Battery St 29th Fl
San Francisco CA 94111

Rhonda S Goldstein
1111 Franklin St 8th Fl
Oakland CA 94607

Elise K Traynum
Office of the General Counsel
200 McAllister St
San Francisco CA 94102