# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

In re

Erik J. Sundquist
Renee Sundquist

)
)
)
)
)
)

Debtor(s).

Case No.    10-35624

ADV. No.    14-02278

BAP No.    EC- 17-1347

## RECEIPT OF PLEADINGS AND DOCUMENTS
## FROM THE UNITED STATES BANKRUPTCY APPELLATE PANEL

The following documents were received by the United States Bankruptcy Court from the United States Bankruptcy Appellate Panel on   12/28/17   .

Copy of Opening Letter, Briefing Order, BK Record Request Form, E-Filing Admin Order and BAP Rules

Dated:   12/28/17

FOR THE COURT

WAYNE BLACKWELDER, CLERK
U.S. BANKRUPTCY COURT

By:   Richard Lopez

Deputy Clerk

EDC 2-770 (Rev. 09/01/10)

# U.S. Bankruptcy Appellate Panel
## of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California (626) 229-7220
Appeals from all other Districts (626) 229-7225

**RE:**          ERIK J. SUNDQUIST, RENEE SUNDQUIST

**Appellant:**    DENNISE HENDERSON

**BAP No.:**     EC-17-1347             Notice of Appeal Filed on 11/28/17

**Bk. No.:**      10-35624            **Adv. No.(s):**   2:14-ap-2278

### OPENING LETTER

Notice of Appeal in this case has been received by the Bankruptcy Appellate Panel (BAP) and assigned the case number above.

Electronic filing using the BAP's Case Management/Electronic Case Filing (CM/ECF) docketing system is **mandatory** for all attorneys. Please review the Administrative Order Regarding Electronic Filing in BAP Cases available on the BAP website www.bap9.uscourts.gov for further information.

For non-attorneys, all papers filed with the BAP should be in the form of an original and three copies.

The BAP docket and other court information is available through the National PACER system. http://www.bap9.uscourts.gov

Enclosed are the 9th Cir. BAP Rules governing practice before the BAP. Appeals are also governed by Parts VIII and IX of the Federal Rules of Bankruptcy Procedure (F.R.B.P.), and some parts of the Federal Rules of Appellate Procedure (F.R.A.P.) See 9th Cir. BAP Rule 8026-1.

Pursuant to 9th Cir. Rule 8003-1, please immediately send the BAP Clerk a copy of the signed and entered order or judgment being appealed if it was not attached to your notice of appeal.

After a Notice of Appeal has been filed, the parties' next step in prosecuting this appeal is compliance with F.R.B.P 8009, which require Appellant to file within 14 days in the bankruptcy court a designation of the record, statement of issues on appeal, and a notice regarding the ordering of transcripts. Under these rules Appellee may also file a supplemental designation of the record and order transcripts. The party ordering the transcripts must make satisfactory arrangements for payment of their costs.

Even if transcripts are not ordered, Appellant is required to file with the bankruptcy court a notice stating that none are required. See also 9th Cir. BAP R. 8009-1.

The parties should note that the designation of the record under F.R.B.P. 8009 is a necessary procedural step in prosecuting an appeal and the parties may not later include in their excerpts of the record documents which have not been designated.

The record and bankruptcy file remain with the Clerk of the bankruptcy court and the Panel reviews only those items which are reproduced and included in the excerpts of the record filed at the time of the briefs. While the Panel may call up the formal record, in practice this rarely occurs.

Further, it is the parties' responsibility to monitor the appeal to ensure that transcripts are timely filed and the record is completed in a timely manner. Under F.R.B.P. 8010(a)(2)(C), the court reporter is required to file transcripts within 30 days of receipt of the parties' request, unless an extension has been granted.

After the record is complete, the Clerk of the bankruptcy court will send a Certificate of Record, sometimes referred to as a Certificate of Readiness or Certificate of Transcripts, to the BAP Clerk.

Appeals are set for hearing in the bankruptcy district from which the appeal arose whenever feasible. To expedite the appeal or if the parties feel argument is unnecessary, they may file a stipulation or motion to submit their appeal on the briefs and record, thereby waiving oral argument. The Panel will also consider stipulations requesting an alternative hearing location or hearing by telephone conference. Such motions should be filed at the earliest possible scheduled date, generally with the opening brief, as once a case has been scheduled for argument, continuance and request of change time and place are rarely granted.

## CERTIFICATE OF MAILING

The undersigned, deputy clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document on which this certificate appears was transmitted this date to all parties of record to this appeal.

**By:** Cecil Lizandro Silva, Deputy Clerk

**Date:** November 29, 2017

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

**FILED**

NOV 29 2017

_____

In re: ERIK J. SUNDQUIST; RENEE SUNDQUIST

Debtors

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

-------------------------------

DENNISE HENDERSON

Appellant

v.

ERIK J. SUNDQUIST; RENEE SUNDQUIST

Appellees

BAP No. EC-17-1347

Bankr. No. 10-35624
Adv. No. 2:14-ap-2278
Chapter 13

November 29, 2017

_____

**BRIEFING ORDER**
**(Prompt Action Required)**

Unless otherwise ordered by this court, the parties to this appeal shall timely complete all of
the briefing deadlines set forth below. Failure of the parties to comply with these deadlines
may result in dismissal of this appeal or in the imposition of other sanctions. These deadlines
control and supersede any briefing deadlines set forth in the Federal Rules of Bankruptcy
Procedure ("FRBP").

**Last day for appellant(s) to file opening brief and appendix: Tuesday, January 16, 2018.**
**Last day for appellee(s) to file responsive brief and appendix: Twenty-one days after**
**service of appellant's opening brief.**
**Last day for appellant(s) to file optional reply brief: Fourteen days after service of**
**appellee's reply brief.**

Requirements for filing a brief, an appendix (excerpts of the record), and required certificates
are set forth in FRBP 8014, 8015 and 8018, and Ninth Circuit BAP Rules 8018(a)-1,
8018(b)-1, and 8015(a)-1. See also 9th Cir. BAP Rule 8009-1 (describing requirements for the
inclusion of transcripts in the excerpts of the record).

Briefs in this case shall not exceed the following page limits:
      **Appellant(s)' opening brief shall not exceed 30 pages.**
      **Appellee(s)' opening brief shall not exceed 30 pages.**
      **Appellant(s)' optional reply brief shall not exceed 15 pages.**
The page limits set forth herein supersede those set forth in Ninth Circuit BAP Rule
8015(a)-2. Parties may also choose to comply with the type-volume limitations set forth in
FRBP 8015(a)(7).

Attorneys must file briefs and excerpts of record electronically via ECF. See the Order Regarding Electronic Filing in BAP Cases available on the BAP website www.bap9.uscourts.gov. Colored covers and additional copies are not required for electronically filed briefs and excerpts of record.

Parties not required to file electronically need only file an original brief and appendix (excerpts of record). This supersedes the requirements for additional copies in BAP Rule 8018(a)-1 and 8018(b)-1.

The parties generally should expect that oral argument will occur shortly after briefing is completed. Please refer to the attached materials regarding advance consideration of issues concerning oral argument.

**FAILURE OF APPELLANT TO TIMELY PROVIDE AN ADEQUATE OPENING BRIEF AND ADEQUATE EXCERPTS OF THE RECORD IN COMPLIANCE WITH THE GOVERNING RULES MAY RESULT IN DISMISSAL OF THE APPEAL, OR IN SUMMARY AFFIRMANCE OF THE RULING ON APPEAL.** See Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187 (9th Cir. 2003).

FOR THE PANEL,

Susan M Spraul
Clerk of Court

### SUMMARY OF REQUIREMENTS FOR BRIEFS AND EXCERPTS OF THE RECORD

This Summary is intended to help the parties file their briefs and appendix in the proper format, but it is not a substitute for reading and complying with all of the procedural rules listed in the Briefing Order, which rules govern the format and content of each brief and appendix. Briefs that do not comply with national and local rules may not be accepted for filing. Your attention is particularly called to the following requirements:

LENGTH -- Thirty pages for the opening briefs of appellant and appellee. Fifteen pages for appellant's reply brief, if any. Parties may also choose to comply with the type-volume limitations set forth in FRBP 8015(a)(7).

NUMBER -- For non-electronic filers: a signed original brief and one excerpt of record; for electronic filers: no paper copies of the brief or excerpts of the record.

APPENDIX (Excerpts of The Record) -- The parties are required to include copies of all relevant documents from the bankruptcy court record, including transcripts, in their excerpts.

FORMAT OF APPENDIX -- A paper appendix must comply with the requirements of 9th Cir. BAP Rule 8018 (b) - 1. FAILURE TO TAB ALL DOCUMENTS IN THE APPENDIX, TO CONTINUOUSLY PAGINATE THE ENTIRE APPENDIX, AND TO PROVIDE A TABLE OF CONTENTS IN THE FORM SPECIFIED IN THE ABOVE-REFERENCED RULE MIGHT SEVERELY HAMPER THE PANEL'S REVIEW OF THE ISSUES ON APPEAL. An electronic appendix must comply with Rule 3 of the Order Regarding Electronic Filing in

BAP Cases available on the BAP website www.bap9.uscourts.gov.

CERTIFICATES -- Both appellant's and appellee's opening brief must contain a Certificate of Interested Parties. Appellants brief must also contain a Certificate of Related Cases.

CALCULATION OF TIME -- Paper briefs are deemed filed on the day of mailing. FRBP 8011(a)(2). Electronic briefs are deemed filed when the filing is successfully completed. See Rule 7 of the Administrative Order Regarding Electronic Filing in BAP Cases.

## ADVANCE CONSIDERATION OF ISSUES CONCERNING ORAL ARGUMENT

While the parties are briefing, the BAP is considering where and when to set oral argument. Because the BAP seeks to set argument as soon as practical after briefing is completed, any stipulations, motions or notices concerning oral argument should be filed at the earliest possible time, generally with a party's first brief. While appeals typically are set for hearing in the bankruptcy district from which the appeal arose whenever feasible, the parties may file a stipulation or motion requesting an alternative hearing location or a hearing by telephone or video conference. The parties also may file a stipulation or motion to submit their appeal on the briefs and record, thereby waiving oral argument.

All parties should carefully review the dates on the BAP's annual hearing calendar located on the BAP's website: http://www.bap9.uscourts.gov. This calendar contains dates that the BAP judges have set aside for argument, and it is likely that your appeal will be set for hearing on one of these dates. If a party knows or suspects that he or she will be unavailable on one of these dates, he or she should file as soon as possible a notice of unavailability, stating the dates on which he or she is unavailable. Once a case has been scheduled for argument, continuances and requests to change time or place are rarely granted.

## CERTIFICATE OF MAILING

The undersigned, deputy Clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document to which this certificate is attached was transmitted this date to all parties of record to this appeal, to the United States Trustee and to the Clerk of the Bankruptcy Court.

By: Cecil Lizandro Silva, Deputy Clerk
Date: November 29, 2017

# U.S. Bankruptcy Appellate Panel
# of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California (626) 229-7220
Appeals from all other Districts (626) 229-7225

To: Clerk, Bankruptcy Court

Debtor(s): ERIK J. SUNDQUIST, RENEE SUNDQUIST

BAP No.: EC-17-1347

Bk. Ct. No.: 10-35624                    ADV. NO.: 2:14-ap-2278

The Bankruptcy Appellate Panel has received and docketed the notice of appeal referenced in the attached transmittal. The BAP case number is indicated above for your information.

If completion of the record has been delayed, please advise us as to the cause of the delay by completing the following checklist and sending a copy of this letter back to us:

**IF THE RECORD ON APPEAL IS COMPLETE, PLEASE SEND THE CERTIFICATE OF READINESS**

Susan M Spraul, BAP Clerk

By: Cecil Lizandro Silva, Deputy Clerk
Date: November 29, 2017

**A) REASONS WHY THE RECORD HAS NOT BEEN COMPLETED. THE FOLLOWING ITEMS HAVE NOT BEEN FILED:**

[ ]  No Filing Fees paid
[ ]  No Designation of Record
[ ]  No Statement of Issues
[ ]  No Notice Regarding the Transcript
[ ]  No Reporter's Transcript(s)

Reporter name:_____
phone:_____
Judge:_____
Transcript date(s):_____

[ ]  No Transcript Fees paid
[ ]  Extension of Time Granted to Reporter:
      New deadline:_____
[ ]  Other:_____

**B) DEPUTY CLERK PROCESSING THIS APPEAL**

1. Name:_____
2. Phone:_____
3. Date:_____

**United States Bankruptcy Appellate Panel
for the Ninth Circuit**

**Administrative Order Regarding Electronic Filing in
BAP Cases**
[February 2, 2015]

The United States Bankruptcy Appellate Panel for the Ninth Circuit ("BAP")
adopts the following provisions to govern the electronic filing of documents in
cases before the BAP. These provisions may be amended from time to time, with
or without prior notice, by further order of the BAP. The BAP may deviate from
these procedures in specific cases if deemed appropriate in the exercise of its
discretion.

Questions concerning electronic filing should be directed to the Clerk's
office at 626-229-7220 or 626-229-7225, or can be emailed to:

**cmecf_bapca9@ca9.uscourts.gov**

## Rule 1 - Electronic Registration and Filing Mandatory for Attorneys

(a)     Unless the BAP grants a request to be exempted from these requirements,

    (1)     all attorneys appearing, participating, or wanting to receive notices in
appeals before the BAP must register with the BAP's Case
Management/Electronic Case Filing (CM/ECF) docketing system; and

    (2)     electronic filing using the BAP's CM/ECF docketing system is
mandatory for all attorneys.

(b)     An attorney who seeks exemption from the requirement of mandatory
electronic filing may file a motion which states the reasons why the attorney
should be exempted from electronic filing. The BAP Clerk shall have the
authority to grant or deny such motions.

## Rule 2 - Registration and Training

(a)     Registration is required to obtain a login and password for use of CM/ECF.

(b)     Registration is required specifically for the BAP, and this registration is separate from registration for PACER or ECF in other courts.

(c)     Licensed attorneys authorized to practice before the BAP may register without leave of court at:

**www.pacer.gov**

(d)     Any litigant who is not a licensed attorney authorized to practice before the BAP may file a motion requesting leave to register for CM/ECF.

(e)     The Ninth Circuit Court of Appeals has computer-based training modules explaining CM/ECF, PACER reports, and electronic filing.  These training modules can be accessed by logging into the court of appeals website (www.ca9.uscourts.gov) and selecting "Electronic Filing - CM/ECF".  The BAP strongly encourages all filers to review these training materials, as the BAP's electronic filing system is very similar to that of the court of appeals.

## Rule 3 - Excerpts of Record

(a)     Excerpts of Record.  For all cases opened at the BAP beginning February 1, 2015, all excerpts of record must be filed electronically.

    (1)     A table of contents must be included in a separate .pdf which is the first attachment to the excerpts of record docket event.  Each subsequent item in the excerpts of record must be contained in a separate .pdf and labeled so that it is identifiable from the table of contents.  Every effort should be made to attach all .pdf's to the same docket event.

(b)     Excerpts of Record.  For cases opened before February 1, 2015, electronic filing of the excerpts of record is optional.  If excerpts are filed electronically, no paper copies are required.  If excerpts are not filed electronically, the form, content and number of paper copies of a party's excerpts of  record must continue to comply with the requirements of Federal Rule of Bankruptcy Procedure 8018 and Ninth Circuit BAP Rule 8018(b)-1.

(c)     Service.  All parties must serve a paper copy of the excerpts of record on any party not registered for BAP cm/ecf on the same day the excerpts of record

are electronically filed.

## Rule 4 - Documents Which Can Not Be Filed Electronically

(a)  Sealed Documents & Motions to File Documents Under Seal.  Sealed documents must be filed in paper format and must be accompanied by an electronic version of the document on either CD or DVD.  This includes motions for permission to file a document under seal.  The motion should state whether the filing party believes the motion to seal itself may be made available to the public or should remain sealed.

## Rule 5 - Signature

(a)  All electronic filings must be signed.

(b)  A signature consists of an "/s/" immediately followed by the typed name of each signatory, or by some substantially similar method effectively demonstrating the signatory's intent to sign the filing.

## Rule 6 - Service

(a)  A Certificate of Service is required for all electronic filings, and filers must comply with the provisions of Federal Rule of Bankruptcy Procedure 8011(b), (c) and (d) when filing electronically.

(b)  Sample Certificates of Service for documents electronically filed are attached to this Order.

(c)  The CM/ECF system will generate a Notice of Docket Activity when any document is electronically filed.  This notice constitutes service of the document on all parties who have registered as BAP electronic filers pursuant to Rule 2, above.  Such registration constitutes consent to service via the Notice of Docket Activity.

   (I)  A filing party may obtain the names and addresses of parties who have not registered for BAP electronic filing by logging into CM/ECF, then selecting "Reports", then selecting "Service List", and then typing in the case number.

   (ii)  A filing party is not required to serve a paper copy of any

3

electronically-filed document on any party who has registered as a BAP electronic filer.

(iii)    Except as provided in the BAP's fax filing rule (9th Cir. BAP Rule 8011(a)-2), or unless otherwise agreed in writing between the parties, a filing party must serve a paper copy of any electronically-filed document on any party who has not registered as a BAP electronic filer, and must comply with Federal Rule of Bankruptcy Procedure 8011 (b), (c) and (d).

(iv)    Unless otherwise ordered, a Notice of Docket Activity generated after close of business (5:00 p.m. Pacific Time), or on a weekend or holiday will be deemed served on all registered BAP electronic filers at the start of the next business day.

(d)    For any document filed in paper format, the filer must comply with Federal Rule of Bankruptcy Procedure 8011 (b), (c) and (d).

## Rule 7 - Filing Deadlines

(a)    Electronic filing is permitted at all times, except when the system is temporarily unavailable due to routine or emergency maintenance.

(b)    Unless otherwise ordered, an electronic filing will be considered filed as of the date and time the filing is successfully completed.  The BAP's CM/ECF system determines the date and time a filing is completed.  A filing is timely only if it is accomplished in accordance with the deadlines set by all applicable court notices, orders, rules and statutes.

(c)    If a technical failure prevents timely electronic filing of any document, the filing party should promptly seek relief from the BAP.

## Rule 8 - Technical Requirements

(a)    All electronic filings must be in Portable Document Format (also known as .pdf or Adobe Acrobat Format).

(b)    Except as otherwise specified in this Rule, or as otherwise ordered, the text of all electronic filings must be searchable using Adobe Acrobat's text search function.

(c)    For some documents, primarily exhibits, a text-searchable version might not be available.  If so, the electronic filer may upload a version that is not text searchable.

(d)    Until further notice, the maximum size for a single attachment is 50 megabytes.  Attachments exceeding 50 megabytes must be divided into multiple attachments.

## Rule 9 - Hyperlinks

(a)    Electronic filings may contain hyperlinks to statutes, rules, regulations, and opinions.

(b)    Hyperlinks do not replace citations to the appendix, record, or legal authority.  Documents must contain standard citations in support of statements of fact or points of law, in addition to any hyperlink.  Hyperlinks are simply mechanisms for accessing material cited in a filed document and are not considered part of the appellate record.  The BAP accepts no responsibility for the availability or functionality of any hyperlink and does not endorse any organization, product, or content at any hyperlinked site.

## Rule 10 - Privacy

(a)    In compliance with Fed. R. App. P. 25(a)(5) and Fed. R. Bankr. P.  9037, parties must refrain from including, or must partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the BAP:

- ▸    Minors' names (use initials only);
- ▸    Social Security numbers (use last four digits only);
- ▸    Dates of birth (use year of birth only);
- ▸    Financial account numbers (identify the type of account and institution and provide the last four digits of the account number).

(b)    The filer bears sole responsibility for redacting documents.

**Rule 11 - Other limitations and restrictions concerning Electronic Filing**

(a)    Except as otherwise specified in this Rule, or as otherwise ordered, an electronic filer duly registered pursuant to Rule 2, above, may only file documents in BAP appeals where he or she is counsel of record, or where he or she is a party of record appearing pro se.

(b)    Except as otherwise specified in these Rules, or as otherwise ordered, an electronic filer may not submit (by US Mail or by fax or by email) additional copies of any documents filed electronically through CM/ECF.

(c)    A party seeking to appear as an Amicus Curiae in a BAP appeal should contact the BAP Clerk's Office for guidance if they desire to file electronically.

**Rule 12- What is Attached to the Docket available on PACER**

(a)    Unless otherwise ordered, all documents that are filed electronically will be attached to the PACER docket.

(b)    Unless otherwise ordered, when the BAP receives a document only in paper format, the BAP will scan the document and attach it to the PACER docket.

## SAMPLE CERTIFICATES OF SERVICE
## FOR DOCUMENTS FILED USING CM/ECF

**Certificate of Service When All Case Participants Are CM/ECF Participants**

I hereby certify that on _____*[date]*_____, I electronically filed the foregoing document with the Clerk of the Court for the Bankruptcy Appellate Panel for the Ninth Circuit by using the CM/ECF system.

I certify that all parties of record to this appeal either are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system.

_____/s/_____

*******************************************************************

**Certificate of Service When <u>Not</u> All Case Participants Are CM/ECF Participants**

I hereby certify that on _____*[date]*_____, I electronically filed the foregoing document with the Clerk of the Court for the Bankruptcy Appellate Panel for the Ninth Circuit by using the CM/ECF system.

I further certify that parties of record to this appeal who either are registered CM/ECF users, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

I further certify that some of the parties of record to this appeal have not consented to electronic service.  I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following parties:

_____

_____

_____

_____/s/_____

# RULES

# OF THE

# UNITED STATES

# BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

**PREAMBLE**

These rules of the United States Bankruptcy Appellate Panel of the Ninth Circuit are promulgated under the authority of Federal Rule of Bankruptcy Procedure 8026.

Adopted: February 24, 2000
As Revised: June 15, 2015

# Table of Contents

| Rule | Subject | Page |
|------|---------|------|
| 8003-1 | Notice of Appeal. | 1 |
| 8005-1 | Transfer of Appeal to District Court. | 1 |
| 8009-1 | Transcripts. | 1 |
| 8010-1 | Appellate Record. | 2 |
| 8011(a)-1 | Communications. | 2 |
| 8011(a)-2 | Fax Filing. | 2 |
| 8013(d)-1 | Emergency Motions. | 2 |
| 8013(e)-1 | Delegation of Authority to Act on Motions. | 3 |
| 8015(a)-1 | Brief Certification Requirements. | 3 |
| 8018(a)-1 | Briefs - Extensions of Time. | 5 |
| 8018(a)-2 | Dismissal for Failure to Prosecute. | 5 |
| 8018(b)-1 | Appendix  (Excerpts of the Record). | 5 |
| 8019-1 | Oral Argument. | 6 |
| 8019-2 | En Banc Hearing and Determination of Appeals. | 7 |
| 8024-1 | Disposition of Appeal. | 8 |
| 8026-1 | Silence of Local Rules. | 10 |
| 8026-2 | Citation to Rules. | 10 |
| 9001-1 | Definitions. | 10 |
| 9010-1 | Attorneys--Duties, Withdrawal, Substitution. | 11 |
| 9010-2 | Pro Se Parties. | 11 |

## 8003-1
## NOTICE OF APPEAL

**ORDER BEING APPEALED**. The appellant shall attach to the notice of appeal filed in bankruptcy court a copy of the entered judgment, order or decree from which the appeal was taken. The clerk of the bankruptcy court shall forward these items to the BAP Clerk. If the notice of appeal is filed before entry of the order being appealed, it is appellant's duty to forward to the BAP Clerk a copy of the judgment or order immediately upon entry.

## 8005-1
## TRANSFER OF APPEAL TO DISTRICT COURT

The Panel may transfer an appeal to the district court to further the interests of justice, such as when a timely statement of election has been filed in a related appeal, or for any other reason the Panel deems appropriate.

## 8009-1
## TRANSCRIPTS

The excerpts of the record shall include the transcripts necessary for adequate review in light of the standard of review to be applied to the issues before the Panel. The Panel is required to consider only those portions of the transcript included in the excerpts of the record. Parties shall consult local bankruptcy rules with regard to the proper procedure for ordering transcripts or for indicating that transcripts are not necessary.

### *Explanatory Note:*

*This rule addresses two problems. The first occurs when appellants challenge the oral tentative rulings, and/or the oral findings of fact and conclusions of law of the bankruptcy court, and do not include sufficient transcripts in the excerpts of the record to allow the Panel to properly review the bankruptcy court's decision. If findings of fact and conclusions of law were made orally on the record, a transcript of those findings is mandatory. In re McCarthy, 230 B.R. 414, 416 (9th Cir. BAP 1999).*

*The second problem arises when an appellant challenges a factual finding. In order to review a factual finding for clear error, the record should usually include the entire transcript and all other relevant evidence considered by the bankruptcy court. See In Re Friedman, 126 B.R. 63, 68 (9th Cir. BAP 1991) (failure to provide an adequate record may be grounds for affirmance); In re Burkhart, 84 B.R. 658 (9th Cir. BAP 1988).*

## 8010-1
## APPELLATE RECORD

As soon as the statement of issues, designation of record, and any transcripts that have been designated are filed with bankruptcy court, the clerk of the bankruptcy court shall transmit to the BAP Clerk a certificate that the record is complete.  The record shall be retained by the clerk of the bankruptcy court.  The BAP Clerk may request a copy of the record from the clerk of the bankruptcy court.

## 8011(a)-1
## COMMUNICATIONS

All communications to the BAP shall be addressed to the Clerk of the United States Bankruptcy Appellate Panel of the Ninth Circuit, Richard H. Chambers Court of Appeals Building, 125 South Grand Avenue, Pasadena, California 91105.

## 8011(a)-2
## FAX FILING

The BAP does not accept for filing documents transmitted by telephone facsimile machine ("fax"), except in emergency circumstances.  Permission of the BAP Clerk, prior to the transmittal of the document, is always required.

Any document transmitted to the BAP by fax must be served on all other parties by fax or hand delivery, unless another form of service is authorized by the BAP Clerk, and the method of service shall be expressly stated on the proof of service.  Within three days after the fax transmittal, the filing party shall file a signed original with the BAP.

## 8013(d)-1
## EMERGENCY MOTIONS

(a)  **Contents.**  The motion and supporting declaration(s) must  set forth the facts showing the existence and nature of the alleged immediate and irreparable harm.

(b)  **Appendix**.  The emergency motion must be accompanied by an appendix containing:

        (1)    A conformed copy of the notice of appeal, and

        (2)    A copy of the entered judgment, order or decree from which the

appeal was taken;

(3)  If the emergency motion concerns a stay pending appeal, the appendix must also contain:

  (I)  a conformed copy of the court's order denying or granting the stay and any explanation by the court of its ruling, or a declaration explaining why such a copy is unavailable; and

  (ii)  copies of all papers regarding the stay filed in bankruptcy court.

### *Explanatory Note:*

*When the emergency motion concerns a stay pending appeal, the parties are directed to* Nken v. Holder, *556 U.S. 418,434 (2009), for standards in granting a stay pending appeal.*

---

## 8013(e)-1
## DELEGATION OF AUTHORITY TO ACT ON MOTIONS

The BAP judges may delegate to the BAP Clerk authority to act on motions that are subject to disposition by a single judge pursuant to FRBP 8013(e), upon the condition that the order entered on the motion does not dispose of the appeal or resolve a motion for stay pending appeal.  The order disposing of the motion is subject to reconsideration by a judge if a written request for judicial review is received within fourteen (14) days of the entry of the order.

---

## 8015(a)-1
## BRIEF CERTIFICATION REQUIREMENTS

**(a)  Certification as to Interested Parties.**  To enable the judges of a Panel to evaluate possible disqualification or recusal, all parties, other than governmental parties, shall attach to their initial brief, a list of all persons, associations of persons, firms, partnerships and corporations that have an interest in the outcome of the case.  The certification should be in substantially the following form:

## Certification Required by BAP Rule 8015(a)-1(a)

[BAP NUMBER, DEBTOR'S NAME ]

The undersigned certifies that the following parties have an interest in the outcome of this appeal.  These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal [list the names of all such parties and identify their connection and interest]:

_____          _____
Signed                                        Dated


**(b) Certification of Related Cases.**  The appellant shall attach to the opening brief a statement of all known related cases and appeals  before the United States Court of Appeals, the United States District Court, or the BAP.  A related case is defined as one which involves substantially the same litigants, substantially the same factual pattern or legal issues, or arises from a case previously heard by the Panel.  The certification should be in substantially the following form:

## Certification Required by BAP Rule 8015(a)-1(b)

[BAP NUMBER, DEBTOR'S NAME]

The undersigned certifies that the following are known related cases and appeals [list the case name, court and status of all related cases and appeals]:

_____          _____
Signed                                        Dated


### *Explanatory Note:*

*Failure to comply with the Briefing Rules may result in striking the brief and dismissing the appeal, N/S Corp., v. Liberty Mutual Ins. Co., 127 F.3d 1145 (9th Cir. 1997), or imposing sanctions, In re MacIntyre, 181 B.R. 420, 422 (9th Cir. BAP 1995), aff'd, 77 F.3d 489 (9th Cir. 1996).*

*Briefs and excerpts of the record shall be securely fastened by any appropriate means.*

## 8018(a)-1
## BRIEFS - EXTENSIONS OF TIME

**(a) Requirements.** A motion for extension of time to file a brief shall be filed within the time limit for the filing of such brief and shall be accompanied by a proof of service. The motion shall be supported by a declaration stating:

(1)    When the brief was initially due;
(2)    How many extensions of time, if any, have been granted;
(3)    Reasons why this extension is necessary;
(4)    The specific amount of time requested; and
(5)    The position of the opponent(s) with respect to the motion or why the moving party has been unable to obtain a statement of such position(s).

**(b) BAP Clerk Authority.** The BAP Clerk is authorized to grant extensions of time under the direction and guidelines of the Panel.

**(c) Consequences.** A brief received after the due date will not be accepted for filing unless it is accompanied by a motion for an extension of time and the motion is granted. The Panel has no obligation to consider a late brief. Sanctions may be imposed, such as the waiver of oral argument, monetary sanctions or dismissal.

## 8018(a)-2
## DISMISSAL FOR FAILURE TO PROSECUTE

When an appellant fails to file an opening brief timely, or otherwise fails to comply with rules or orders regarding processing the appeal, the BAP Clerk, after notice, may enter an order dismissing the appeal. The order dismissing the appeal is subject to reconsideration by the Panel if a written request for judicial review is received within fourteen (14) days of the entry of the order.

## 8018(b)-1
## APPENDIX (EXCERPTS OF THE RECORD)

**(a)    Form.** Attorneys and all other electronic filers shall file the appendix electronically. Any party not otherwise required to file electronically shall file the excerpts of record in paper format.

**(b)  Organization of Appendix.**

(1)     Documents in a paper appendix shall be divided by tabs.  Documents in an electronic appendix shall be divided into separate .pdfs.

(2)     The appendix shall contain a complete table of contents.

(i)     For paper appendices, the table of contents shall list the documents and identify both the tab and page number where each document is located.  If the appendix has more than one volume, the table of contents shall also identify the volume in which each document is located.

(ii)     For electronic appendices, each .pdf shall be labeled so that it is identifiable from the table of contents.

### *Explanatory Note:*

*The Panel generally limits its review to an examination of the excerpts of the record as provided by the parties.  The Panel is not obligated to examine portions of the record not included in the excerpts.  See In re Kritt, 190 B.R. 382, 386-87 (9th Cir. BAP 1995); In re Anderson, 69 B.R. 105, 109 (9th Cir. BAP 1986).*

*The parties are further referred to FRBP 8014(a)(6) and (8) and (b) (formerly 8010(a)(1)(D) and (a)(2)) which address the related problem created by appellants who do not make explicit references to the parts of the record that support their factual allegations and arguments.  Opposing parties and the court are not obliged to search the entire record unaided for error. See Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241 (9th Cir. 1998); Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir. 1991); FRAP Rule 10(b)(2).*

---

### 8019-1
### ORAL ARGUMENT

The BAP Clerk will provide notice of the time and place of argument.  Once the hearing date is scheduled, a motion for continuance will be granted only under exceptional circumstances.

The Panel may determine that oral argument is not needed either *sua sponte* or on motion for submission of the appeal on the briefs.  If the Panel determines that oral argument is not needed, it will issue an order to that effect.

---

## Rule 8019-2
## EN BANC HEARING AND DETERMINATION OF APPEALS

(a)      **EN BANC HEARING AND DISPOSITION AUTHORIZED; NOT FAVORED.**
The Panel may hear and dispose of an appeal by sitting en banc as authorized in this rule. An en banc hearing or decision of an appeal is not favored and ordinarily will not be ordered unless it appears that it is necessary to secure or maintain uniformity of the Panel's decisions including, without limitation, when there is a challenge to an existing precedent of the Panel.

(b)      **PROCEDURE FOR A PARTY TO REQUEST AN EN BANC HEARING.**

(1)  **Motion**.  A party may request that the Panel hear and decide an appeal en banc.  The request must be made by motion filed with the Clerk and served upon the other parties to the appeal (including any party appearing amicus curiae).  Such motion should be filed and served not later than the date set for the filing of that party's opening brief.  If made, the motion must be accompanied by a brief setting forth the reasons why an en banc hearing and decision of an appeal is appropriate under the standard set forth in subsection (a).

(2)  **Response**.  Any other party to the appeal (including any party appearing amicus curiae) may file and serve a response to the motion and brief not later than fourteen (14) days after the motion is filed.  No reply brief is authorized.

(3)  **Page Limit**.  The motion or response, together with the brief in support thereof, must not exceed a combined total of 15 pages.

(c)      **PROCEDURE FOR THE PANEL INITIALLY ASSIGNED TO APPEAL TO REQUEST AN EN BANC HEARING**.

Two or more of the judges assigned to hear and decide the merits of an appeal, including any pro tem judge, may request that the Panel should hear and decide an appeal en banc.  The request should be made prior to the disposition of the appeal.

(d)      **PROCEDURE FOR DETERMINING WHETHER APPEAL SHOULD BE HEARD EN BANC**

(1)  **Vote of the Panel**.  If a timely request for an en banc hearing and decision is made under either subsection (b) or (c), the Clerk will promptly poll the regular members of the Panel eligible to participate in the disposition of that appeal.

(2)  **Affirmative Vote; Minimum Number of Judges Who Must Participate**.
The appeal will be heard (or, as appropriate, reheard) and decided en banc if:

(a)  at least five regular members of the Panel are eligible to participate, and do participate, in the vote; or, if less than five members of the Panel are eligible to participate in the en banc call, the Chief Judge of the Ninth Circuit, after consultation with the Presiding Judge, shall designate such pro tem judges as may be necessary to bring the number of the judges considering the en banc call to five, and all five judges vote; and

(b)  a majority of the judges polled vote in favor of the request.

(3)  **Negative Vote**.  If a timely request for an en banc hearing and decision is made under subsection (b) or (c), and no affirmative vote as required by paragraph (2) is obtained within fourteen (14) days of the initial polling, the matter will not be heard en banc.

(e)     **PROCEDURE AFTER REQUEST AND VOTE**.

(1)  **Constituting the En Banc Panel**.  If the Panel votes to hear and decide a matter en banc, the en banc panel shall consist of all members of the Panel eligible to participate in the appeal's disposition, but in no event may an en banc panel consist of fewer than five judges.  If fewer than five members of the Panel are eligible to participate in the en banc hearing, the Chief Judge of the Ninth Circuit, after consultation with the Presiding Judge, shall designate such pro tem judges as may be necessary to bring the membership of the en banc panel to five.

(2)  **Order Regarding Vote; Procedure Thereafter**.  The Presiding Judge of the Panel shall promptly cause an order to be entered that is consistent with the results of any vote taken in accordance with subsection (d), and with the actions required by subsection (e).  Thereafter, the Clerk, in consultation with the Presiding Judge, will take such actions as are necessary or appropriate to carry out such order.

---

**Rule 8024-1**
**DISPOSITION OF APPEAL**

---

(a) **DISPOSITION**.  The Panel will dispose of all appeals by entry of an Opinion, Memorandum or Order.

(b) **DESIGNATION.**

(1)  *Opinion*.  A disposition of an appeal may be designated as an Opinion if it:

(A ) Establishes, alters, modifies or clarifies a rule of law;

(B)   Calls attention to a rule of law which appears to have been generally overlooked;

(C)   Criticizes existing law; or

(D)   Involves a legal or factual issue of unique interest or substantial public importance.

(2)   *Memorandum or Order*.  A disposition of an appeal not designated as an Opinion will be designated as either a Memorandum or an Order.

(3)   *Manner of Designation.*  A disposition shall be designated an Opinion if:

(A)   two of the three judges assigned to hear and dispose of the appeal, including the author of the disposition, agree that the disposition shall be designated an Opinion at the time such disposition is filed with the Clerk, or within 28 days thereof; or

(B)   an interested party, or any member of the Panel, requests, in writing, that a Memorandum or Order be redesignated as an Opinion, and that it be published.  The request must be received no later than 28 days after the filing of the Memorandum or Order and must state concisely the reasons for publication.  The judges assigned to hear and dispose of the appeal shall vote on whether to change the initial designation and, if two of the three judges assigned to hear and dispose of the appeal, including the author of the disposition, agree that the disposition shall be designated an Opinion.

(c)   **CITATION AND EFFECT.**

(1)   *Opinions*.  Opinions shall be published.  They shall bind the Panel as precedent unless they are modified or reversed in an Opinion issued by the Panel sitting en banc, or unless they no longer are precedent due to changes in the law, whether by act of Congress or by decision of the Ninth Circuit Court of Appeals or the Supreme Court.

(2)   *Memoranda and Orders*.  Except as provided in subsection (d), Memoranda and Orders will not be published, and shall have no precedential value.

(d)   **PUBLICATION.**

(1)   *Opinions*.  If the disposition is to be published, the BAP Clerk will release a copy to recognized channels for dissemination to the public.

(2)   *Orders.*  An Order may be designated for publication if so designated by

the process provided in subsection (b)(3), with the following changes: (I) only two judges, one of whom is the author of the Order, need to agree as to publication; and (ii) the Order shall be treated as if it were a disposition of the appeal for all other purposes of applying that subsection. When so published, the Order may be used for any purpose for which an Opinion may be used. Upon designation as published, the BAP Clerk will release a copy to recognized channels for dissemination to the public.

## 8026-1
## SILENCE OF LOCAL RULES

In cases where Part VIII of the Federal Rules of Bankruptcy Procedure and these rules are silent as to a particular matter of practice, a Panel may apply the Rules of the United States Court of Appeals for the Ninth Circuit and the Federal Rules of Appellate Procedure.

## 8026-2
## CITATION TO RULES

These rules shall be cited as: "9th Cir. BAP R. _____."

## Rule 9001-1
## DEFINITIONS

**(a)**     The words "BAP Clerk" as used in these rules mean the Clerk of the United States Bankruptcy Appellate Panel of the Ninth Circuit.

**(b)**     The word "Judge" as used in these rules, unless otherwise designated, means a member of the United States Bankruptcy Appellate Panel of the Ninth Circuit.

**(c)**     The word "Panel" as used in these rules means a panel of the judges of the United States Bankruptcy Appellate Panel of the Ninth Circuit.

**(d)**     The acronym "BAP" as used in these rules means United States Bankruptcy Appellate Panel of the Ninth Circuit.

**(e)**     The acronym "FRBP" as used in these rules means Federal Rules of Bankruptcy Procedure.

**(f)**     The acronym "FRAP" as used in these rules means Federal Rules of Appellate Procedure.

---

**9010-1**
**ATTORNEYS--Duties, Withdrawal, Substitution**

---

**(a)  DUTIES**.  Counsel must ensure that the appeal is perfected on behalf of the represented party in a manner and within the times prescribed in all applicable rules and must prosecute the appeal with diligence.  Counsel must provide counsel's name, bar number, address, and telephone number on all documents filed with the BAP.  Changes in address of counsel or client must be reported to the BAP Clerk in writing.

**(b)  ADMISSION**.  Any attorney admitted to practice before a District Court of the Ninth Circuit or the Court of Appeals for the Ninth Circuit and who is in good standing before such court shall be deemed admitted to practice before the BAP.  An attorney not so admitted may apply to the BAP for permission to appear in a particular appeal.

**(c)  WITHDRAWAL AND SUBSTITUTION**.  No attorney who has appeared in an appeal before the BAP may withdraw without either:

> (1)     Filing and serving a Notice of Substitution of Attorney.  The notice shall contain substitute counsel's name, bar number, address, telephone  number and signature; or

> (2)     Obtaining an order of the BAP allowing the attorney to withdraw.  The BAP may grant such an order if an attorney files and serves on opposing counsel and the attorney's client a motion to withdraw as counsel.  Any motion to withdraw shall include the client's current address and telephone number.

**(d)  NOTICE OF APPEARANCE**.  Immediately upon undertaking the representation, any attorney who represents a party in an appeal, and who is not identified in either the notice of appeal or a notice of substitution of attorney, shall file and serve a notice of appearance containing counsel's name, bar number, address, telephone number and electronic mail address.

---

**9010-2**
**PRO SE PARTIES**

---

Parties unrepresented by counsel and appearing before the Panel are considered to be "pro se parties" representing themselves.  Only individuals are permitted to appear pro se.  Pro se parties must ensure their appeal is perfected in a manner and within the time limits prescribed in all applicable rules and must prosecute the appeal with diligence. Changes in address must be reported to the BAP Clerk in writing.

### *Explanatory Note:*

See  In re Rainbow Magazine, Inc., 77 F.3d 278 (9th Cir. 1996); In re Eisen, 14 F.3d 469, 471 (9th Cir. 1994).  Corporations, partnerships and associations are not permitted to appear in federal court except through a licensed attorney.  Rowland v. California Men's Colony, 506 U.S. 194 (1993); In re America West Airlines, Inc., 40 F.3d 1058 (9th Cir. 1994).